hPETERS, J.,
dissenting.
Both the workers’ compensation judge (WCJ) and the majority rely on the provisions of La.R.S. 23:1209(A) to conclude that Michael Fontenot’s claim for benefits against his employer, Reddell Vidrine Water District (Water District), has prescribed. I respectfully disagree with the application of this particular statute to the facts of the case.
The procedural history of this litigation is not at issue and is set forth in the majority opinion. Importantly, the WCJ awarded Fontenot indemnity benefits on January 25, 2000, which award was ultimately affirmed by the supreme court. During the appellate process, Fontenot returned to work for the Water District in a light-duty capacity, yet at higher wages than his pre-injury wages. Accordingly, the Water District paid weekly benefits until April 10, 2000, although the Water District continued to pay the medical expenses arising from the accident. However, on March 2, 2004, almost four years *404 after the Water District’s last payment of supplemental earnings benefits, Fontenot underwent back surgery and was unable to return to even light-duty work. When he requested that his indemnity benefits be reinstated, the Water District refused, and Fontenot timely filed a disputed claim. Thereafter, the hWCJ granted the Water District’s prescription exception, and this appealed followed.
As pointed out by the majority, the supreme court has made it clear that La. R.S. 23:1209(A) provides “the only prescriptive period setting forth the amount of time a worker has to file a claim for benefits.” Dufrene v. Video Co-Op, 02-1147, p. 10 (La.4/9/03), 843 So.2d 1066, 1073 (emphasis added). In Dufrene, the issue involved whether, after indemnity benefits are terminated, an employee has three years under La.R.S. 23:1209(A) to apply for supplemental earnings benefits or whether the two-year period of La.R.S. 23:1221(3)(d)(i) applies. In Dufrene, the employee’s injuries occurred in the course and scope of her employment, and her employer voluntarily paid temporary total disability benefits for almost four months after she sustained her injuries. Thereafter, the employer paid no indemnity benefits, but continued to pay medical expenses. More than two but less than three years after the termination of indemnity benefits, the employee filed a claim for supplemental earnings benefits. In reversing the WCJ’s grant of the exception of prescription, the supreme court made the statement quoted above.
The supreme court’s holding in Dufrene is certainly binding on this court. However, I find the matter before us to be distinguishable from that decision. In Dufrene, the employee had not obtained a judgment against her employer. Rather, the employee’s claim arose after the employer had voluntarily made payments and then unilaterally stopped those payments. In the matter before us, there is no unresolved claim or voluntary payment involved. Fontenot has the benefit of a final judgment awarding him benefits. This fact distinguishes the case from the holding in Dufrene and requires a reversal of the grant of the prescription exception.
Once Fontenot obtained the final judgment awarding benefits, La.R.S. | a23:1209(A) no longer applied. Instead, in my opinion, the matter is governed by the provisions of La.R.S. 23:1310.8, which relates to the continuing jurisdiction of the WCJ. Louisiana Revised Statutes 23:1310.8(B) specifically provides:
Upon the application of any party in interest, on the ground of a change in conditions, the workers’ compensation judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers’ Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.
Although it offered Fontenot light-duty work rather than continue to pay indemnity benefits, the Water District took no steps to have that condition change recognized by the WCJ. Therefore, the prior judgment remains in full force and effect, and the Water District cannot ignore its effect by claiming that Fontenot’s claim has prescribed. To rule otherwise would open the workers’ compensation system to the possibility of abuse. An employer or insurer who is subject to a judgment awarding benefits can simply circumvent the long-term effects of the judgment by providing “light-duty” employment for three years and then dismissing the in *405 jured employee, leaving him without recourse. I would reverse the grant of the exception of prescription and remand the matter to the WCJ for further proceedings.